```
         UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF FLORIDA
         FORT LAUDERDALE DIVISION
         CASE NO. 00-6052-CR-DIMITROULEAS
```

UNITED STATES OF AMERICA

v.

NEIROU KOUNIGUELIS,

    DEFENDANT,
_____/

GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER

    The United States of America, in response to the Standing Discovery Order issued in this case file this response which is alphabetized and numbered to correspond to that original order and states as follows:

    A.  1.  There are written and recorded statements made by the defendant. See attached statement written by the defendant and executed advise of rights form and consent to search form.

    2.  The defendant made oral statements after arrest, in response to interrogation by a then known-to-be government agent, reports of which are attached, which the government intends to offer in evidence at trial. See attached statement of the defendant.

    3.  Defendant did not testify before the grand jury.

    4.  The defendant does not have a criminal history which is known by the undersigned.

    5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained from or belonging to the defendant, include but are not limited to: INS document I-94 contained in the Lithuanian passport of Dalia Jablonskiene, Video tape taken at the Pompano Beach Social Security Office on February 23, 2000; note with telephone number and name written on it; Florida Drivers License and Resident Alien card for Neirou Kouniguelis; Lithuanian passport for Neirou Kouniguelis; telephone toll records for Neirou Kouniguelis 954.857.4874 and 954.347.5375; telephone toll records for Dalia Jablonskiene,

    6.  The results or reports of physical or mental examinations or scientific tests or experiments made in connection with this case, if any exist, will be provided as soon as they are received by the undersigned.

  B. The United States requests the discovery and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

  C. The only information or material known to the United States which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963) or <u>United States</u> v. <u>Agurs</u>, 427 U.S. 97 (1976) is as follows: none known.

  D. The existence and substance of payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses within the scope of <u>United States</u> v. <u>Giglio</u>, 405 U.S. 150 (1972) and <u>Napue</u> v. <u>Illinois</u>, 360 U.S. 264 (1959) is as follows: none known

  E. None Known

  F. The defendant was not identified in photo spreads or similar identification procedures.

  G. The government agents and officers involved in this case have been advised to preserve all rough notes they may have taken.

  H. The United States will advise the defendant, prior to trial, of its intent to introduce during its case in chief, evidence of other crimes, wrongs or acts as provided by Federal Rule of Evidence 404(b). Any evidence made available for inspection may be offered in the government's case in chief under Federal Rule of Evidence 404(b) or otherwise. The United States advises the defendant that pursuant to Federal Rule of Evidence 404(b) it will seek to introduce, in its case-in-chief evidence of other crimes committed by the defendant, specifically that the defendant assisted other persons in attempting to obtain Social Security Cards through the use of fraudulent I-94 visa cards. Details of these other purchases to be provided at a discovery conference.

  I. The defendant was not an aggrieved person as defined in Title 18, United States Code, Section 2510(11), that is, the defendant was not a party to any intercepted wire or oral communication or a person against whom the interception was directed.

  J. The United States has ordered transcripts of the grand jury testimony of all witnesses who will testify for the government at the trial of this case. The transcripts will be provided as required by Title 18, United States Code, Section 3500.

  K. There are no controlled substances which are the subject of the indictment in this case.

L. The United States did not seize or forfeit any automobile, vessel or aircraft allegedly used in the commission of the offenses in this indictment.

M. Latent fingerprints of the defendant were not recovered in this case.

The United States demands, pursuant to Federal Rule of Criminal Procedure 12.1, notice of the defendant's intention to offer a defense of alibi. The approximate date, time and place at which the alleged offense was committed is as follows:

Date:       February 22-23, 2000

Place       Broward County, Florida

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: *Thomas P. Lanigan*
Thomas P. Lanigan
ASSISTANT UNITED STATES ATTORNEY
Court ID # A5500033
500 E. Broward Blvd Suite 700
Fort Lauderdale, FL 33301
954-356-7255 ext 3590
954-356-7230 fax

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Government's Response to Standing Discovery Order was mailed this 4th day of April ,2000 to:

ALAN KOFFMAN,Esq.,
2900 N Dixie highway
Oakland Park,FL.
33334

*Thomas P. Lanigan*
Thomas P. Lanigan
ASSISTANT UNITED STATES ATTORNEY

cc: S/A Rhonda Maskus, INS

# ADDITIONAL ATTACHMENTS NOT SCANNED

PLEASE REFER TO COURT FILE