UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6052-CR-WPD

UNITED STATES OF AMERICA,

vs.

NEIROU KOUNIGUELIS

    Defendant.
_____/

## MOTION TO SUPPRESS STATEMENTS AND EVIDENCE

**COMES NOW,** the defendant, NEIROU KOUNIGUELIS, by and through his undersigned attorney and files this his Motion to Suppress his Statements made to government agents and evidence obtained from his home, and as grounds states as follows:

1. On or about February 24, 2000, federal customs agents approached the defendant at his home pursuant to a criminal investigation in which he was a suspect.

2. While at the defendant's home, the agents began to question the defendant with regards to an immigration crime that allegedly took place on February 23, 2000.

3. The defendant was told by the agents that he was in serious trouble and that "things" would go a lot easier for him if he cooperated by giving a statement. He was told that If he did not give a statement, he would be arrested and go to prison.



4. The defendant never having been arrested before was inexperienced with the criminal justice system. While it is true that the agents did advise the defendant of his Miranda rights, the defendant contends that he did not understand that he had a right to refuse to answer any questioning. In fact, he thought if he did not cooperate he would be sent to prison immediately as advised by agents. It should be pointed out that the defendant's rights were not read to him in his native language nor did the agents speak Lithuanian. Being a citizen of another country namely, Lithuania, his native language is Lithuanian. The defendant succumbed to the agents demands for a statement from him.

5. Defendant contends that his statement to the government was not voluntary nor did he understand his rights. His statement was a product of overbearing police conduct.

6. In addition, the agents requested permission from the defendant to search his home. Despite the defendant's refusal, agents walked through the defendant's home in search of incriminating evidence. Inside the defendant's home, the agents called a telephone number which was given to them by a women who admitted committing an immigration crime and who told the agents that the defendant helped her. The woman told agents that the number belonged to the defendant. The agents heard a phone ring inside of the defendant's home after dialing the number given to them by the woman.

## MEMORANDUM OF LAW

In **Riechmann vs. State,** 581 So.2d 133 (Fla. 1991), the court held "... that even if the interrogation was noncustodial, overbearing police conduct still could deprive an accused of the fifth amendment privilege." Citing **Beckwith vs. United States,** 425 U.S. 341, 96 S.Ct.1612, (1976) **Davis vs. North Carolina,** 384 U.S. 737, 86 S.Ct. 1761, (1966).

The defendant contends that there was no knowing and voluntary waiver of his constitutional rights. He further contends that **Miranda vs. Arizona,** 384 U.S. 436, 455 (1966) applies in that custodial interrogations are inherently coercive. Accordingly, statements of an accused are presumptively inadmissible in a court of law unless the government can establish that the statements were made after the defendant **knowingly and intelligently** waived his constitutional right to remain silent. **Miranda,** at 475.

The government must prove that the defendant was expressly advised of his Miranda rights and that he validly waived his rights. Waiver will not be inferred from a defendant's silence or subsequent confession alone. Id.

The statements the defendant made to the government agents in response to their interrogation must be suppressed.

As to the search of the house, the Fourth Amendment protects privacy interests in a home. In *WELSH v WISCONSIN,* 466 U.S. 740, 748 (1984), the Supreme Court held that "it is axiomatic that the physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." In this case, the agents could have obtained a warrant to search the house prior to entering the house.

Under the Exclusionary Rule, the evidence obtained in violation of the Fourth Amendment cannot be used against the victim of the illegal search and seizure in a criminal proceeding. *WEEKS v. U.S.,* 232 U.S. 383 (1914); *MAPP v. OHIO,* 367 U.S. 643 (1961). This includes the "fruit" of the illegal search and seizure. *WONG SUN v. U.S.,* 371 U.S. 471 (1963).

Respectfully submitted,

                ALLEN S. KAUFMAN, P.A.
                2900 N. Dixie Highway
                Suite 201
                Oakland Park, FL 33334

BY: _____
     ALLEN S. KAUFMAN
     301639

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been sent this 20th day of April, 2000, to AUSA, Tom Lanigan, 500 E. Broward, 7th Floor, Ft. Lauderdale, FL, 33394-3002.

BY: _____
     ALLEN S. KAUFMAN

4