

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

NEIROU KOUNIGUELIS,

    Defendant.

_____ /

CASE NO. 00-6052-CR-DIMITROULEAS

FILED by _____ D.C.

MAY 0 8 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

## ORDER

THIS CAUSE having been heard upon Defendant's April 21, 2000 Motion To Suppress Statements and Evidence [DE-13] and the Court having received Government's May 3, 2000 Response in Opposition to Defendant's Motion to Suppress Statements and Evidence [DE-22], and the Court having received testimony from Agent Richard Bendel, Agent Miguel Domingo, Agent Rhonda Maskus, Andreas Pedrikas, and the Defendant at an evidentiary hearing held on May 5, 2000, and having determined credibility of witnesses, finds as follows:

1. Based upon an investigation, Agent Bendel had probable cause to arrest the Defendant for possession of counterfeit immigration documents.

2. The agents arrived at the Defendant's home at 4:30 P.M. on February 24, 2000. The Defendant was arrested outside the home.

3. The agents saw another person in the home and ordered him outside.

4. The agents went inside the home and did a protective sweep. The Defendant did not object to the entry.

5. The Defendant was read his Miranda warnings, and he signed a rights waiver form

{Exhibit #2}.

    6. The agents had no difficulty in communicating with or understanding the Defendant.

    7. The Defendant made several admissions to the agents, but he would not name his New York source for the documents.

    8. When asked to sign a consent to search form, the Defendant refused.

    9. At some time when the agents were inside the home, they called 1-954-857-4874, a number they had retrieved from Ms. Jablonskiene's caller I.D., and heard a phone ring in the house[1].

    10. Subsequently, Agent Maskus met with the Defendant, defense counsel and a social security attorney. She spoke with the Defendant for 20-30 minutes and experienced no difficulty in communicating with him.

    11. No promises or threats were made to the Defendant.

    12. The Defendant understood his Miranda warnings and voluntarily spoke to the agents. U.S. v. Mendoza, 441 F. 2d 1107 (9th Cir. 1971); U.S. v. Marrero, 152 F. 3d 1030 (8th Cir. 1998); Campaneria v. Reid, 891 F. 2d 1014 (2d Cir. 1989).

    13. A protective sweep can be justified by exigent circumstances even where the arrest occurs outside the premises. U.S. v. Hoyas, 892 F. 2d 1387 (9th Cir. 1989). However, here, the officers lacked articulable facts to justify a warrantless entry of the home. See U.S. v. Chaves, 169 F. 3d 687 (11th Cir. 1999); U.S. v. Hogan, 38 F. 3d 1148, 1150 (10th Cir. 1994).

    14. Moreover, the Defendant did not consent to the entry into his home. Mere acquiescence is insufficient. U.S. v. Shaiber, 920 F. 2d 1423 (9th Cir. 1990); U.S. v. Gonzalez, 71 F. 3d 819, 829-30 (11th Cir. 1996).

---

[1] Presumably, the Government is contending that it is not a coincidence that the phone rang at that time in the home.

15. The inevitable discovery doctrine does not make the evidence of the telephone ring admissible. There is no evidence that the Government was actively considering a search warrant. U.S. v. Boyd, 180 F. 3d 967 (8th Cir. 1999); U.S. v. Allen, 159 F. 3d 832 (4th Cir. 1998); U.S. v. Chanthavong, 191 F. 3d 448, 1999 WL 694506 (4th Cir. 1999).

Wherefore, Defendant's Motion to Suppress Statements and Evidence is GRANTED in part and DENIED in part. The Motion to Suppress Statements is DENIED. The Motion to Suppress Telephone Ring is GRANTED.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this ____ day of May, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Tom Lanigan, AUSA

Allen Kaufman, Esquire
2900 N. Dixie Highway, #201
Oakland Park, FL 33334